UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

OPELTON KELLY,

        Plaintiff,                Case No. 2:11-cv-55

v.                                  HON. ROBERT HOLMES BELL

UNKNOWN MOORE,

        Defendant.
_____/

## OPINION REVOKING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

Plaintiff Opelton Kelly, a prisoner incarcerated at Richard A. Handlon Correctional Facility, filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed *in forma pauperis*. Defendant has filed a Motion to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss (Docket #11). Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous or for failing to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The court will vacate the earlier order allowing Plaintiff to proceed *in forma pauperis* and order Plaintiff to pay the civil action filing fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the court will order that his action be dismissed without prejudice.

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*,

106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that they were either frivolous or failed to state a claim. *See Kelly v. Unknown Miron, et al.,* Case No. 2:10-cv-243; *Kelly v. Cavanagh, et al.,* Case No. 2:06-cv-10430; *Kelly v Shied, et al.,* Case No. 1:94-cv-00645. Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, these dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury. However, Plaintiff asserts in his Second Response to Defendant's Motion to Dismiss:

> 4. In a retaliation claim such as this, however, the harm suffered is the adverse consequences which flow from the plaintiff [sic] constitutionally protected action. See Hines v Gomez, 108 F.3d 265, 269 (9th Cir 1997).
>
> 5. The injury asserted is the retaliatory accusations [sic] chilling effect on Kelly's First Amendment rights.
>
> 6. The fallure [sic] to demonstrate a more substantial injury does not nullify Plaintiff [sic] retaliation claim.
>
> 7. Since First Amendment violations rarely if ever result in physical injuries, construction of the PLRA against imminent danger of serious physical injury would defeat congressional intent and render Constitutional protections meaningless.

(*See* Docket #16 at page 2).

Plaintiff alleges as authority *Hines v. Gomez,* 108 F.3d 256 (9th Cir. 1997), where a death row inmate filed an action under 42 U.S.C. § 1983 against various prison officials alleging a prison guard falsely charged him with a rule violation in retaliation for his prior use of the grievance system. *Id.* at 267. The jury returned a verdict for the inmate; the correctional officer appealed the verdict alleging the district court erred in not applying the deferential "some evidence" standard of

- 3 -

review. *Id*. at 268. The court held that the "some evidence" standard of review afforded to the disciplinary administrative decisions did not apply to correctional officer accusations. *Id*. at 269. While this case might have some bearing on Plaintiff's retaliation claim, it neither offers insight nor pertains to the imminent danger of serious physical injury exception to the three-strikes rule. Plaintiff alleges a First Amendment injury as the type of harm suffered. While a First Amendment violation is a harm, as Plaintiff has noted, it rarely, if ever, results in physical injuries and certainly does not approach the standard of imminent danger of serious physical injury. Additionally, the three-strikes rule does not bar Plaintiff from bringing his retaliation claim, it merely bars him from proceeding *in forma pauperis* and requires him to pay the filing fee.

In conclusion, section 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. The court will vacate the order granting *in forma pauperis* status and require Plaintiff to pay the entire civil action filing fee, which is $350.00, within 28 days of the date of entry of this order. If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the entire filing fee. *See In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

Dated: July 17, 2012   /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
229 Federal Building
202 W. Washington Street
Marquette, MI 49855

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**